[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
A trial to the Court, on a complaint for Summary Process, the parties testified as follows:
On or about July 12, 1996 the plaintiffs herein leased to the Defendant Tina Buyak a single family dwelling located at 67 Elm Street, Winsted, Connecticut for a monthly rent of $700.00 per month payable the first of each month thereafter. On the same date the defendant took possession of the premises and continues in possession of the premises. CT Page 9731
On or about September 1, the defendant failed to pay the rent due and no further rent payments have been made by the defendant. On September 11, 1996, the plaintiff caused a notice to quit possession to be served on the defendant and thereafter on September 23, 1996 initiated an action for summary process against the defendant.
The defendant, by way of defense alleged that she offered the rent on September 17, 1996 and that there were housing code violations which rendered the single family dwelling uninhabitable. The plaintiff presented the testimony of Art Melycher who inspected the property. He found minor discrepancies which he noted in his inspection report dated 6/24/96. His report was admitted into evidence as plaintiff's exhibit 5. The inspection report did not disclose any condition which would render the premises uninhabitable. The inspector testified that there were no broken windows or doors. The toilet worked and plumbing did not leak when he inspected it. His notations concerning some aspects of the wiring were noted in his report as was a broken hinge on the rear door which required the door to be lifted in order to close.
The plaintiff testified that approximately $2,574.00 in repairs and improvements were made to the premises prior to its rental. The defendant testified that certain repairs she requested to be made were not made and that she requested credits for her rent for certain installation charges which the landlord agreed to make. The defendant admitted she did not offer part of the rent to plaintiffs for September until September 17, 1996 after the notice to quit had been served.
The defendant introduced as defendant's exhibit 1 a housing inspection report dated October 24, 1996 which disclosed numerous problems of broken windows and broken interior doors. None of which had been listed as damaged in the initial inspection done on 6/21/96 (as evidenced on plaintiff's exhibit 5), none of the items listed would cause the premises to be uninhabitable and with the exception of an electrical outlet cover, the conditions appear to have occurred during the tenant's possession of the premises.
The allegation of a broken rear door hinge is consistent with both inspections and was present when the tenant took possession. The defect did not render the door inoperable and required the door be lifted when closing. CT Page 9732
The court finds that:
The plaintiff leased to the defendant on or about July 12, 1996 a single family dwelling located at 67 Elm Street, Winsted, Connecticut for a monthly rent of $700.00 per month payable on the first day of each month thereafter.
The defendant took possession of the premises on or about July 12 and continues in possession.
On or about September 1, 1996 the defendant failed to pay the rent due. The plaintiff made demand for the rent but the defendant neglected or refused to pay the rent. The plaintiff caused a notice to quit to issue on September 11, 1996 and commenced the summary process September 23, 1996.
The defendant offered to pay partial rent on September 17, 1996 and claimed defects in the premises which rendered the premises uninhabitable.
The inspection of the premises on July 21, 1996 prior to the possession by the tenant disclosed no violations of housing code or significant infractions noted by the inspector who testified in court.
On October 17, 1996, the defendant had the premises reinspected and although 11 defects were found, 9 of the items included items in the control of the defendant, including broken windows and doors formerly unbroken on June 21, 1996.
The broken rear door hinge and minor electrical fixture deficiencies are pre-existing and the responsibility of the landlord to repair.
The dwelling had heat, hot water and other utilities available and in working order.
The court finds that none of the discrepancies rendered the premises uninhabitable and the broken windows and interior doors were caused by the tenant or other occupants of the premises after the defendant took possession.
The tenant continues to occupy the premises and holds possession of the premises to the date of trial. CT Page 9733
Judgment may issue for the plaintiffs for immediate possession of the premises located at 67 Elm Street, Winsted, CT.
KOCAY, J.